IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MACK INDUSTRIES OF KALAMAZOO, LLC, *formerly known as* Stress-Con Industries, Inc., *et al*., | CASE NO. 1:18cv1806 |
| Plaintiffs, | |
| v. | MAGISTRATE JUDGE KATHLEEN B. BURKE |
| J3 ENGINEERING GROUP, LLC, | |
| Defendant. | **MEMORANDUM OPINION & ORDER** |

This case, filed by Plaintiffs Mack Industries of Kalamazoo, LLC and Mack Industries, Inc. ("Plaintiffs" or "Mack"), is a virtual mirror image of a case filed by Defendant J3 Engineering Group, LLC ("J3") in Wisconsin, which is pending in the U.S. District Court for the Eastern District of Wisconsin ("the Wisconsin case"). Plaintiffs are an Ohio limited liability company and an Ohio corporation; J3 is a Wisconsin limited liability company. Doc. 1, p. 2, ¶¶. 2-4. Both cases arise from the same four contracts relating to construction projects the parties previously partnered on in the states of Illinois, Wisconsin, Ohio and Indiana. Provisions in all of the contracts require that disputes not resolved by mediation must be brought in a Wisconsin court and that the contracts are governed by Wisconsin law. Doc. 10-1, pp. 6, 7.

The two cases also now have mirror image motions pending in which each party seeks to consolidate the litigation in its home state venue. In this case, J3 has filed a Motion to Dismiss or, alternatively, a Motion to Change/Transfer Venue (the "Motion"), arguing that the forum selection clauses in the four contracts govern and that this action must be litigated in Wisconsin. Doc. 7. Mack strenuously disagrees, contending that the forum selection clauses are invalid and

1

that Ohio is the only venue in which all the claims made by both parties can be resolved. Mack has filed a motion in the Wisconsin case to transfer venue to the Northern District of Ohio.

The Motion has been fully briefed.[1] Having considered the submissions of the parties, this Court concludes that the matter is governed by the first-to-file rule. When that rule applies, as it does here, the case that was filed first should generally proceed to judgment before the later filed case. Because J3 filed its case in Wisconsin before Mack filed this case,[2] the rule requires that this Court, in the interest of comity, defer to the Eastern District of Wisconsin. Therefore, this Court **DENIES** the Motion without prejudice and **ORDERS** this case stayed. Mack's Motion for Leave to File a Sur-Reply is **DENIED**.

## I. Background

### A. Northern District of Ohio case

Plaintiffs are an Ohio LLC and an Ohio corporation (Doc. 1, p. 2, ¶¶1, 2). Mack alleges that J3 is a Wisconsin LLC (id., ¶4), which J3 does not dispute. It appears from items filed on the docket that Mack provides concrete structures for construction projects and contracted with J3, an engineering company, to provide designs for concrete structures. See, e.g., Doc. 9-2, pp. 10-12. On August 7, 2018, Mack filed its Complaint for breach of contract against J3 in this District. Doc. 1.

Allegations in Mack's Complaint. Mack's Complaint alleges the following about the four projects:

1. *Illinois project*: In December 2013, Mack entered into an agreement with J3 for engineering services in connection with building a soundwall in Illinois for the Illinois Tollway

---

[1] The Motion and supporting Memorandum are Docket Nos. 7 and 8. Mack's Opposition is Docket No. 15, and J3's Reply is Docket No. 16. Mack has also filed a Motion for Leave to file a Sur-Reply. Doc. 17.

[2] J3 filed its complaint in Wisconsin state court 18 days before Mack filed this case. Mack removed J3's case to federal court.

(the "Illinois project"). Doc. 1, p. 5, ¶31. J3 agreed to provide engineering and drafting services for pre-cast, structure-mounted concrete panels that would run along certain portions of the Illinois Tollway. But Mack was not certified to perform this work in the state of Illinois, and it told J3 that it was not certified and it was seeking certification. Mack experienced issues regarding certification and informed J3; it instructed J3 to abstain from performing any work for the Illinois project until Mack's certification issue was resolved. J3 proceeded to perform work on the Illinois project. Mack alleges that J3 ignored its instructions and it seeks a declaratory judgment that J3 assumed the risk of project cancellation and any expenses it incurred when performing any work for this project. Doc. 1, pp. 5-6, ¶¶ 32-39.

    2. *Wisconsin project*: In January 2014, Mack entered into an agreement with J3 for engineering services in connection with the Hoan Bridge remediation in Wisconsin (the "Wisconsin project"). Doc. 1, p. 3, ¶14. J3 agreed to design several phases of the bridge as pre-stressed concrete panels, but it erroneously designed pre-case concrete panels, thereby breaching the agreement. As a result of J3's breach, "the project owner, the state of Wisconsin, and its project engineer, Walsh, both assessed back charges to Mack in the amount of $223,955.35," the difference between the value of the Wisconsin project as bid (with pre-stressed concrete panels) and the value of the project as-built (with pre-cast concrete panels). Mack alleges that the agreement is governed by Wisconsin law and that Mack's standard terms and conditions govern. It alleges that J3 asserts that its standard terms and conditions, which limit J3's liability, govern. Mack states that Wisconsin law provides that J3's standards and conditions are void and seeks a declaration from the Court stating so. Doc. 1, pp. 3-4, ¶¶ 15-23.

    3. *Ohio project*: In May 2017, Mack entered into an agreement with J3 for engineering services in connection with apartments in Little Italy in Cleveland, Ohio (the "Ohio project"). Doc. 1, p. 2, ¶7. J3 agreed to design several pre-cast concrete pieces for an apartment complex.

But in the midst of the project, J3's insurance expired and Mack had to remove J3 from the project and find a replacement engineer. J3's conduct breached the agreement and, as a result of the breach, Mack incurred additional costs and expenses, which it seeks to recover from J3.

4. *Indiana project*: In August 2017, Mack entered into an agreement with J3 for engineering services in connection with the Gallops Travel Center in Kendallville, Indiana (the "Indiana project"). Doc. 1, pp. 4-5, ¶ 24. J3 was to provide engineering and drafting services for pre-cast concrete walls. The work product J3 delivered to Mack was erroneous and incorrect and Mack was not able to use it. As a result, Mack had to engage another engineer to correct J3's work. J3's conduct breached the agreement and Mack seeks to recover the additional cost and expense it incurred as a result of J3's breach.

### B. Eastern District of Wisconsin case

On July 20, 2018, J3 filed its complaint in state court in Ozaukee County, Wisconsin. *J3 Engineering Group, LLC v. Mack Industries of Kalamazoo, LLC, et al*, Case No. 2:18-cv-1240. On August 10, 2018, Mack removed the case from state court to the United States District Court for the Eastern District of Wisconsin. *Id.*, Doc. 1.

<u>Allegations in J3's Complaint.</u> In its Complaint in the Wisconsin case,[3] J3 alleges that Mack did not pay it for services it performed in connection with the four projects in breach of the parties' contracts: the Illinois project (Doc. 9-1, p. 3, ¶10); the Wisconsin project (Doc. 9-1, pp. 3-4, ¶¶13-15); the Indiana project (Doc. 9-1, p. 4, ¶¶16-18); and the Ohio project. Doc. 9-1, pp. 4-5, ¶¶19-21. It seeks at least $120,449.07, plus contractual interest of 1.5% per month, and fees and expenses. Doc. 9-1, pp. 7-8.

### C. The parties' pending motions

---

[3] J3 filed a copy of its complaint in the Wisconsin case on the docket in this case. Doc. 9-1.

J3's Motion to Dismiss or Change/Transfer Venue in the N.D. of Ohio: On August 28, 2018, J3 filed the Motion. Doc. 7. J3 submits that all four of the project contracts contained a forum selection clause stating that any litigation must be brought in court in Ozaukee County, Wisconsin, as well as a provision that the contracts are governed by Wisconsin law. Doc. 8, pp. 9-10; Doc. 10-1, pp. 6-7 (Ohio project contract). It asserts that the parties' contractual forum selection clause is valid and enforceable. Doc. 8, p. 8 (citing *Atlantic Marine Construction Company v. U.S. Dist. Court for the W.D. of Texas*, 571 U.S. 49 (2013)). Thus, it argues that Mack's Complaint should be dismissed without prejudice on the basis of the forum selection clause pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 8, p. 12. Alternatively, it asks for a transfer to the Ozaukee County Circuit Court or the U.S. District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a). Doc. 8, p. 13.

Mack opposes J3's motion. Doc. 14. Mack contends that Ohio law provides that a cause of action on a construction contract for work performed involving real estate in Ohio must be brought in an Ohio court and must be governed by Ohio law. Doc. 14, p. 2 (citing R.C. 4113.62(D)(2)). It also states that Indiana, Wisconsin and Illinois have statutes that void forum selection clauses on construction contracts in-state but, unlike Ohio, do not require disputes relating to work performed involving real estate in those jurisdictions to be litigated in-state. Doc. 14, p. 2. Thus, Mack asserts, the forum selection clauses in the parties' contracts are void and the only possible venue in which all claims may be litigated is Ohio. Doc. 14, p. 2. Additionally, Mack states that Ohio is more convenient and that factors weigh against transferring this case to Wisconsin. Doc. 14, pp. 12-13.

In reply, J3 argues that federal law, which governs this Court's decision, provides that state forum selection statutes like Ohio's (also called "antiwaiver statutes") do not invalidate

5

forum selection clauses. Doc. 16, p. 2. It relies on *Atlantic Marine* and on more recent cases that have followed *Atlantic Marine* in support of its position. Doc. 16, pp. 4-8.

Mack's Motion to Transfer filed in the E.D. of Wisconsin: On August 13, 2018, in the Wisconsin case, Mack filed a Motion to Transfer to the Northern District of Ohio, arguing that Ohio will best serve the convenience of the parties, the witnesses, and the interests of justice. Doc. 9-3, pp. 7-10.[4] Alternatively, it requests a stay of the Wisconsin case to allow its action to proceed in the Northern District of Ohio. Doc 9-3, pp. 10-11.

J3 opposed Mack's motion, arguing that the United States Supreme Court decision in *Atlantic Marine* governs and upholds the terms of the parties' contracts, including the forum selection clauses, which require the parties to litigate in a Wisconsin court, as well as the provisions that Wisconsin law controls. See Case No. 2:18-cv-1240, Doc. 10, pp. 11-15. J3 also requested a remand to state court, asserting that the forum selection clauses require that the parties litigate in the Ozaukee County Circuit Court. Case No. 2:18-cv-1240, Doc. 10, p. 15. Mack filed a reply brief, alleging that Ohio and Indiana law provide that the forum selection clauses in the Ohio and Indiana contracts are void. Case No. 2:18-cv-1240, Doc. 16, pp. 2-4.

In sum, the parties have presented both district courts with the same legal arguments regarding the proper forum for their dispute.

**II. The First-to-File Rule**

The first-to-file rule "is a well-established doctrine that encourages comity among federal courts." *Certified Restoration Dry Cleaning Network v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007). The first-to-file rule applies when: (1) the two actions involve nearly identical parties; (2) the two actions involve nearly identical issues; and (3) no equitable reasons or special circumstances warrant an exception to the first-to-file rule. *NanoLogiz, Inc. v. Novak*, 2013 WL

---
[4] J3 filed a copy of Mack's motion in the Wisconsin case on the docket in this case. Doc. 9-3.

6

6443376, at *2 (N.D.Ohio Dec. 9, 2013) (citing *Long v. CVS Caremark Corp.*, 2010 WL 547143, at * 2 (N.D.Ohio Feb.11, 2010)). "When these conditions are met, the court in the first-filed case should generally proceed to judgment." *Id*. (citing *Certified Restoration*, 511 F.3d at 551). The rule is not strict, and district courts have discretion to rely on it when equity demands; factors to be weighed include extraordinary circumstances such as inequitable conduct, bad faith, anticipatory suits, and forum shopping. *Certified Restoration*, 511 F.3d at 551-552.

Although J3 has not invoked the first-to-file rule expressly in the Motion, a court may raise the rule *sua sponte*. *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co*., 736 F.3d 255, 258 n. 1 (4th Cir. 2013) ("the court was free to raise the issue of the first-to-file rule *sua sponte*"); *Inforizons, Inc. v. VED Software Servs., Inc*., 204 F.R.D. 116, 120 (N.D. Ill. 2001) (denying request for dismissal under first-to-file rule but staying proceedings on court's own motion); *Marks v. Mackey*, 2014 WL 3530137, at *2 (W.D. La. July 15, 2014) ("The first-to-file rule may be raised by a district court *sua sponte*."); *Strukmyer, LLC v. Infinite Financial Solutions, Inc*., 2013 WL 6388563, at *5 (N.D. Tex. Dec. 5, 2013) ("even if Defendants had not filed their motion to transfer, the Court could raise the first-to-file rule *sua sponte*."). Moreover, both parties have presented facts and arguments in their briefs regarding which of them was the first to file. Accordingly, the issue has been fully briefed before this Court.

### III. Analysis

**A. The Wisconsin case is the first-filed suit**

J3 filed its suit in Wisconsin state court on July 20, 2018. Mack removed it to federal court on August 10. The fact that the initial case was filed in Wisconsin state court, as opposed to federal court, is immaterial. *See Innovation Ventures, LLC v. Custom Nutrition Laboratories, LLC*, 534 F.Supp.2d 754, 756 (E.D.Mich. 2008) (the date the removed action was filed in state court is the controlling date when determining which action has priority, citing *Hartford*

7

*Accident & Indemnity Co. v. Margolis*, 956 F.2d 1166 (9th Cir. 1992) and *Aluminum Banking Co. v. Callery/Conway/Mars/HV, Inc.*, 2006 WL 2193007 (E.D.Mich. Aug. 2, 2006) (Zatkoff, J.) ("[E]very court to consider the question has held that the date the case was filed in state court is the relevant date")).

Mack filed its suit in this Court on August 7, 2018, eighteen days after J3 filed its suit in Wisconsin. Thus, J3's suit in Wisconsin is the first-filed suit.

**B. The elements of the first-to-file rule are met in this case**

It cannot be disputed that this case and the Wisconsin case involve identical parties and identical issues. *See NanoLogiz*, 2013 WL 6443376, at *2. The complaints filed in the two cases are virtual mirror images of one another. Thus, the first two elements of the first-to-file rule are satisfied.

The only element in question is the third: whether there are equitable reasons or special circumstances that should cause this court not to apply the first-to-file rule. *Id*. One consideration is whether a party is bringing a declaratory action in the forum of its choosing. *See id*. (citing *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n. 8 (6th Cir. 2004)). "A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) (citing *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749–50 (7th Cir. 1987) ("[T]he mere fact that [plaintiff] filed its declaratory judgment action first does not give it a 'right' to choose a forum.")).

Here, J3 has not brought a declaratory action; Mack has. Mack brought six claims in its Complaint. With respect to the Illinois project, it seeks only declaratory relief. Doc. 1, p. 8. It does seek money damages for the other three projects, as well as declaratory relief regarding the Wisconsin project. In contrast, J3's complaint in the Wisconsin case is an action for breach of

8

contract seeking money damages on all four projects.  Thus, Mack's Complaint, which requests declaratory relief, is not a special circumstance that would warrant not applying the first-to-file rule.  *See Smithers-Oasis Co. v. Clifford Sales & Marketing*, 194 F.Supp.2d 685, 687 (N.D.Ohio 2002) ("This case falls within the scope of the first-to-file rule.  It is a declaratory judgment action filed seven days after the filing of a lawsuit in another jurisdiction involving the same parties and the same issues.").

The parties agree that they attended a mediation in Wisconsin on July 20, 2018, and that the mediation was unsuccessful.  Doc. 8, p. 6; Doc. 15, p. 6.  On the same day, J3 filed its complaint in Wisconsin state court.  Mack complains that J3 filed the complaint too soon after the parties' unsuccessful mediation and that this evidences exploitation, "gamesmanship and surreptitious behavior."  Doc. 15, p. 12.  The Court disagrees.  *See Smithers-Oasis Co.*, 194 F.Supp.2d at 687 ("Although Smithers may not have expected CSM to file the lawsuit as quickly as it did, that belief does not entitle it to race to the courthouse to obtain a forum of its own choosing.").  The Court also observes that the contracts governing all four projects state that the parties must engage in mediation prior to filing a lawsuit.  Doc. 10-1, p. 6.  Thus, it should not have surprised Mack that J3 filed a lawsuit after an unsuccessful mediation.

Additionally, the same paragraph requiring the parties to engage in mediation prior to filing a lawsuit states that any litigation must take place in a court in Ozaukee County, Wisconsin.  Doc. 10-1, p. 6.  Again, it should not have surprised Mack that J3 filed its lawsuit in the court in Ozaukee County, Wisconsin.  The fact that Mack filed its own lawsuit in the Northern District of Ohio eighteen days later tends to show that it was Mack, not J3, that forum shopped.  *See Certified Restoration*, 511 F.3d at 552 (finding that an Ohio district court properly dismissed an action when the first-filed case was in Ohio despite a forum selection clause in the franchise agreement stating that the dispute should be resolved in Michigan).  If Mack believes

9

that Wisconsin is not the proper forum to litigate regarding the four projects in four different states, it can certainly raise that issue (indeed, it has raised that issue) in the Wisconsin case.

In sum, all factors weigh in favor of the application of the first-to-file rule in this case.

**C. This case is stayed pending resolution of the Wisconsin case**

Having established that the first-to-file rule applies, the Court has four remedial options: it may (1) dismiss the case without prejudice; (2) transfer the case to the Eastern District of Wisconsin where the first-filed case is pending; (3) stay the proceedings in this case while the Wisconsin court decides the issues before it; or (4) proceed without interruption. *Nanologiz, Inc.*, 2013 WL 6443376, at *3 (detailing the different approaches courts have taken in first-to-file cases). Generally, dismissal of a lawsuit without prejudice is not favored when a transfer or stay of the second-filed suit is an available remedy. *Id.* Transfer to the first-filed court is an acceptable remedy but may not be appropriate when, as here, the first-filed case may itself be dismissed.[5] *Id.* Moreover, courts in the Northern District of Ohio favor staying a second-filed case pending resolution of the first-filed case. *See id.* (citing, among other cases, *Daimler Chrysler Corp. v. General Motors Corp.*, 133 F.Supp.2d 1041, 1044 (N.D.Ohio 2001)). To proceed in this case without interruption is not prudent because there are motions pending in both courts and there is a risk that the two courts may rule inconsistently. *See Daimler Chrysler*, 133 F.Supp.2d at 1044 ("The federal courts have long recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interferences with each other's affairs.").

The Court finds that staying this case pending resolution of the Wisconsin case is the appropriate remedy. *See id.*

---

[5] Pending in the Eastern District of Wisconsin are J3's motion to remand and Mack's motion to transfer to this Court.

## IV. Conclusion

For the reasons explained above, J3's Motion to Dismiss or, alternatively, to Change/Transfer Venue (Doc. 7) is **DENIED** without prejudice.  It is hereby **ORDERED** that this case is stayed and administratively closed pending resolution of the case pending in the Eastern District of Wisconsin.  Mack's motion for leave to file a sur-reply (Doc. 17) is **DENIED**.

IT IS SO ORDERED.

Dated:  November 15, 2018

*/s/Kathleen B. Burke*

Kathleen B. Burke
United States Magistrate Judge